344

.Emilia Marcano et al., Plaintiffs and Appellants, *v.* Luis Marcano Santini et al., Defendants and Appellees.

No. 8453. Argued April 22, 1942.—Decided April 29, 1942.

*Francisco González Fagundo* and *Alvaro Ortiz* for appellants. *Rafael Rivera Zayas* and *Joaquín Velilla* for appellees.

Mr. Justice Travieso delivered the opinion of the court.

At the hearing of this appeal, the appellees made an oral motion to dismiss the same on the ground that the court lacked jurisdiction to entertain it, as it had been taken after the expiration of the statutory period therefor.

█ █ From the record it appears that the judgment appealed from was rendered on February 10, 1941; that on March 4th of the same year the plaintiffs moved for a reconsideration of the judgment; that the trial court decided to entertain such motion and set the same for hearing on the 7th of the same month, when the parties were heard for and against the motion. The lower court reserved its decision until May 29, 1941, when it rendered the same, denying the reconsideration sought. On June 17 of the same year, the plaintiffs filed their notice of appeal.

Section 292 of the Code of Civil Procedure, as amended by Act No. 67 of May 8, 1937 (Laws of 1936–37, p. 190), provides that any party aggrieved by a judgment may, within the peremptory term of 15 days from the date of the filing in the case of a copy of the notice of the judgment, move for a reconsideration of said judgment. Said section fixes the period of 5 days, counted from the date of the filing of the motion for reconsideration, for the court to decide the same. Said period of 5 days, within which the court "shall decide" the motion for reconsideration, is not a peremptory term, jurisdictional in character, but purely directory. What is really required of the court is not that it render a decision on the merits of the motion within said period, but that it take some action in regard to the same, either by peremptorily denying it if in its judgment it lacks merit, or by setting a day to hear the parties thereon if it deems it meritorious. In the case at bar, the lower court strictly complied with the statute. Since it considered the motion filed on March 4, 1941, as meritorious, it decided to entertain the same, and immediately set it for hearing on the 7th of that same month of March.

Under the above-cited §292, if the lower court had peremptorily denied the motion, whether before or after the expiration of the period of 5 days, then the 30-day term available to the plaintiffs for taking an appeal (§295 Code of Civ. Proc. and § 2 of the Act of March 9, 1911) would have to be computed from the date of the filing of the notice of judgment, as if no motion for reconsideration had been presented. The party who applies for a reconsideration does so at the risk of losing its right of appeal, by expiration of the statutory period, if his motion is peremptorily denied for lack of merits. His only protection against such risk is to appeal in time without waiting for the court to act by peremptorily denying or setting the motion for hearing; but it must always be borne in mind that the real object of

the statute is to prevent the resort to motions for reconsideration that are frivolous and groundless and made for the sole purpose of delaying the execution of the judgment.

Since the court in this case decided to hear the parties on the merits of the motion, the time for appeal must be computed from the date of the filing of a copy of the notice of the decision denying the reconsideration, which was served by the clerk on the plaintiffs-appellants. And since said decision was notified on May 29, we must and do hereby hold that the notice of appeal presented on June 17, 1941, was filed within the statutory period. Therefore, the dismissal of the appeal does not lie, and we shall proceed to decide the same on the merits.

By a public deed of May 9, 1940, Doña Modesta Santini Torres sold to Manuel Carrasquillo a house and lot situated in Río Piedras. The plaintiffs, appellants herein, heirs of the vendor, petitioned the District Court of San Juan to declare void and nonexistent that transfer, and alleged that the same had been made under the suggestion or influence of the vendor's son, defendant Francisco Marcano Santini, acting in concert with the purchaser Carrasquillo, without any price or consideration being involved therein. In the complaint it is also alleged that Mrs. Torres acquired the house by devise from her husband José Marcano, subject to the condition that she could not alienate or encumber the same during her life and that upon her death it would pass to her heirs.

The defendants answered and alleged that the sale made by Doña Modesta to Carrasquillo was a real and effective sale, made for the real and just price of $2,500 which the purchaser paid and the vendor received to her full satisfaction, without there being any influence on the part of any person whatsoever nor any conspiracy of any sort. They denied that the house in question was subject to any restriction in regard to its alienation and encumbrance by the de-

visee, Mrs. Torres, during her life, and on the contrary alleged that the house which had been devised to her subject to those restrictions was a different house from the one involved in this litigation; that the former is worth $8,000 and has heretofore been, and still is, at the disposal of the heirs of that lady.

After a trial had been held and the evidence for the plaintiffs heard, the lower court sustained a motion for nonsuit presented by the defendants and dismissed the complaint, adjudging the plaintiffs to pay the costs.

As grounds for the present appeal, the plaintiffs urge that the lower court committed error of law and of fact in sustaining the motion for nonsuit and dismissing the complaint; and that it also erred in denying the motion for reconsideration.

The evidence introduced by the plaintiffs consisted of the testimony of the defendants and of two or three other witnesses. Said testimony, far from establishing a want of consideration or the existence of a conspiracy, tended to show that the defendant Carrasquillo paid to Doña Modesta Santini Torres, in cash, the amount stipulated in the deed as the price of the property sold. Even if we were to disregard such evidence, the complaint would always have to be dismissed as there is no evidence whatever tending to overcome the presumption of legality and validity which exists in favor of every public instrument.

The appellants argue that, since the notary failed to certify that the purchase price had been delivered in his presence, it must be presumed that no price or its equivalent was involved, and that such presumption was in itself sufficient to support the complaint and to compel the defendants to establish the fact of the payment of the price prior to the execution of the deed. And in support of their contention they cite the decisions of this Supreme Court in *Santini Fertilizer Co.* v. *Burgos,* 34 P.R.R. 830, 833, and *Vázquez* v. *Seda,* 58 P.R.R. 597, 604.

The essential ground on which this court, in *Vázquez* v. *Seda, supra,* affirmed the judgment declaring void and non-existent the transfer of the property, was that the evidence introduced by the plaintiffs was sufficient to prove to the satisfaction of the court that the alleged sale was made for a simulated price which had not been paid by the defendant either in whole or in part, or in any other way.

The *dictum* which is set forth in the opinion of this court, delivered by the writer of the opinion herein, and on which the appellants base their whole argument, has been explained and overruled by the decision rendered by this court on March 12, 1942, in the case of *Peña* v. *Mendoza, ante,* p. 107.

The facts of the case last-above cited were practically the same as those of the case at bar. For the reasons and grounds set forth in said opinion, the judgment appealed from must be affirmed.